IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**James C.,**

        **Plaintiff,**

  v.

**Commissioner of Social Security,**

        **Defendant.**

Case No. 2:23-cv-1098

## Opinion and Order

Plaintiff James C. brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security denying his applications for child disability benefits and supplemental social security income. This matter is before the Court for consideration of the Defendant's objection (ECF No. 16) to the Magistrate Judge's Report and Recommendation (ECF No. 14) in which the Magistrate Judge recommended that the Court reverse the Commissioner's decision.

For the reasons stated below, the Court overrules Defendant's objection and adopts the Magistrate Judge's Report and Recommendation.

**I.**     **Background**

Plaintiff filed his current application for child disability insurance benefits in August 2018 and for supplemental security income in December 2019. Plaintiff alleged that he has been disabled since July 28, 2016, at which point he had not attained the age of 22, due to PTSD, anxiety, bipolar disorder, ADHD, schizophrenia, and a learning disorder. Plaintiff's applications were denied initially in October 2020 and again upon reconsideration in April 2021. Plaintiff was subsequently granted a *de novo* hearing before Administrative Law Judge Kimberly S. Cromer ("ALJ") on

1

January 10, 2022, where the ALJ once again found that the Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 20-53).

Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, see Colvin v. Barnhart, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions: 1. Is the claimant engaged in substantial gainful activity?; 2. Does the claimant suffer from one or more severe impairments?; 3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?; 4. Considering the claimant 's residual functional capacity, can the claimant perform his or her past relevant work?; 5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy? *See* 20 C.F.R. § 416.920(a)(4); *see also* Henley v. Astrue, 573 F.3d 263, 264 (6th Cir. 2009); Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001).

Starting at step 1, the ALJ found that the claimant was not engaged in substantial gainful activity. (R. at 28). Since July 28, 2016, the alleged onset date, the ALJ could not find evidence that Plaintiff engaged in substantial gainful activity. (*Id.*).

At Step 2, the ALJ found that the Plaintiff had severe impairments of degenerative disc and joint disease of the spine; sleep apnea; obesity; headaches; affective disorders, including a depressive disorder and a bipolar disorder; PTSD; a personality disorder; an intermittent explosive disorder; and anxiety disorder; a schizoaffective disorder; ADHD; and a learning disorder. (R. at 28).

On Step 3 of the sequential evaluation, the ALJ found that the Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled one of the listed impairments described in C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 29).

At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, [the ALJ] finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] should avoid climbing ladders, ropes, and scaffolds. He could occasionally climb ramps and stairs. He could occasionally balance, stoop, and crouch and should avoid crawling. [Plaintiff] should avoid work at unprotected heights, with hazardous machinery, and should avoid commercial driving. [Plaintiff] could occasionally operate foot controls bilaterally. He should avoid concentrated exposure to vibration. [Plaintiff] could perform simple, routine tasks. He should avoid tandem work. [Plaintiff] should avoid work with the general public as part of routine job duties. He could have occasional interaction with coworkers and supervisors. [Plaintiff] should avoid strict hourly production requirements and should perform work with more end of day work goals. [Plaintiff] could perform work of variable rates, not assembly line work where a machine sets the pace—not meant to eliminate all manufacturing environments, just settings where a machine sets the pace of work. [Plaintiff] could work in a setting with occasional decision making and occasional changes in the work setting.

(R at 31.)

At the final step the ALJ, relying on the testimony of a Vocational Expert, concluded that Plaintiff could perform other jobs that exist in significant numbers in the national economy. (*Id.* at 46-47). The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act at any time since July 28, 2016, the alleged onset date. (*Id.* at 47). Plaintiff's request for review by the Appeals Council was denied and the ALJ's decision was adopted as the Commissioner's final decision. (R. at 1-7).

**II.     Standard of Review**

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); 42 U.S.C. § 405(g).  "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted).  A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion.  *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).  However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**III. Magistrate Judge's Findings**

Upon an initial screening of this matter, the Magistrate Judge disagreed with the decision of the ALJ. (ECF No. 3). In particular, the Magistrate Judge took issue with ALJ's decision on the

4

opinion of Dr. Sarah Rowland. Dr. Rowland provided a Functional Assessment/Medical Source Statement that addressed Plaintiff's abilities and limitations in four areas: (1) understanding, carrying out, and remembering instructions, both one-step and complex; (2) sustaining concentration and persisting in work-related activity at a reasonable pace; (3) maintaining effective social interaction on a consistent and independent basis with supervisors, co-workers, and the public; and (4) dealing with normal pressures in a competitive work setting. (R. 804-806.) In assessing Plaintiff's abilities and limitations in the final category, dealing with normal pressures in a competitive work setting, Dr. Rowland indicated as follows:

> Thus, owing to the combination of supporting evidence noted, the claimant may have some difficulty dealing with normal pressures in a competitive work setting; but, at this time, appears capable of managing at least basic tasks and interactions. His mental functioning was found to be largely intact and he was observed to malinger deficits to his recent and immediate memory. He does not appear to have difficulty in understanding and remembering simple instructions or sustaining concentration and persisting in work-related activity at a reasonable pace.
>
> His indifference and antagonistic nature may lead him to have difficulties working in a setting with others in a fast-paced environment performing complex tasks with other co-workers, however. He may perform better, therefore, in a work environment where he has limited contact with other co-workers and the public under a consistent (not multiple), trusted supervisor accomplishing simple tasks with clear, simple instructions. He would also benefit from learning appropriate coping strategies or being permitted to take additional short breaks while at work if mental health symptoms worsen while on the job.

(R. at 806).

The Magistrate Judge found that the ALJ's decision to reject a limitation requiring additional short breaks precluded the Court from following the ALJ's path of reasoning on that issue. This failure constitutes reversible error and accordingly, the Magistrate recommended that the Plaintiff's statement of error be sustained. *Tammy D. v. Comm'r of Soc. Sec.*, No. 2:22-CV-3026, 2023 WL 3243199, at *8 (S.D. Ohio May 4, 2023).

**IV. Defendant's Objection**

Defendant objects to the Magistrate Judge's finding that the ALJ improperly omitted a limitation from the consultative examiner.

Defendant specifically objects to the Magistrate Judge's finding on the grounds that the limitation at issue was not definitive. Defendant points to the opinion of consultative examiner Susan Rowland, Ph.D., who stated that Plaintiff "would also benefit from learning appropriate strategies or being permitted to take additional short breaks while at work if mental health symptoms worsen while on the job." (R. 806). Defendant claims that Dr. Rowland's statement was not definitive as she used "or" and "if" to qualify her assessment of Plaintiff's condition. Under Defendant's theory, the use of "uncertain language amounts to mere possibilities or speculation; not a specific limitation." (ECF No. 16).

In his response to Defendant's objection, Plaintiff argues that Commissioner's objection attempts to "substitute his own reasoning for that of the ALJ." (ECF No. 17). Plaintiff goes on to argue that the ALJ rejected Dr. Rowland's conclusions not because they were too vague or specific, but because the opinion was allegedly inconsistent with the record. (ECF No. 17). In her opinion, the ALJ found that "the need for additional breaks is less consistent with the record, as [Plaintiff] was capable of concentrating on tasks for a long duration, exemplified by his ability to play video games for 7-8 hours per day." (R. at 44).

Upon *de novo* review, the Court Concurs with the Magistrate Judge. First, the Court agrees with the determination that the ALJ improperly disregarded the opinion of Dr. Rowland. By referencing the Plaintiff's ability to play video games for 7-8 hours straight, the ALJ reduced Plaintiff's disability claim down to his ability to concentrate. (ECF No. 13). However, this line of reasoning misses the point. Plaintiff's claim does not challenge the assessment of his ability to

6

concentrate. Instead, as the Magistrate Judge points out, Plaintiff's contention is that the ALJ's reason for rejecting Dr. Rowland's opinion, that Plaintiff would need additional short breaks, ignores that this limitation relates to the potential for his mental health to worsen while on the job. (R. 806). The Court agrees with the Magistrate Judge that the ALJ's rejection of the limitation requiring short breaks makes it nearly impossible for the Court to trace the ALJ's path of reasoning, a decision that constitutes reversible error. *Tammy D. v. Comm'r of Soc. Sec.*, No 2:22-cv-3026, 2023 WL 3243199, at *8 (S.D. Ohio May 4, 2023).

## V. Conclusion

For the reasons stated above, the Court overrules Defendant's objections (ECF No. 16) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation. (ECF No. 14). The decision of the Commissioner is **REVERSED,** and this matter is **REMANDED** under Sentence Four of §405(g) for proceedings consistent with this Opinion and Order. The Clerk of Court is directed to enter final judgment in this manner.

**IT IS SO ORDERED**

Date: March 26, 2024

_s/ James L. Graham_
James. L Graham
United States District Judge
